UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIZABETH LOPEZ,

      Plaintiff,

v.                            Case No.:  2:21-cv-114-SPC-MRM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

## SCHEDULING ORDER

This is an action seeking review of the determination of the Commissioner of

the Social Security Administration.  In accordance with the provisions of 42 U.S.C. §

405(g), the Commissioner has filed an Answer to the Complaint and a certified copy

of the transcript of the record before the agency.  In deciding an action for review

under the Social Security Act, the Court looks no further than the pleadings and

transcript of the record before the agency.  A *de novo* hearing is not authorized.

It is the policy of the judges of the Middle District of Florida to strongly

encourage the parties in social security disability cases to consent to have their cases

handled by a magistrate judge.  This streamlines the legal process because the legal

standard of review is identical at all levels in the judicial review process.  If the

parties consent to have the case handled by a magistrate judge, the Undersigned will

enter a final decision and judgment in due course.  Any appeal of this judgment must

be taken directly to the Eleventh Circuit Court of Appeals.  If the parties do not

consent to have the case handled by a magistrate judge, the Undersigned will prepare and file a Report and Recommendation for consideration by the district judge assigned to the case. The district judge will then enter a final decision and judgment in due course. An appeal from that judgment is taken to the Eleventh Circuit.

To facilitate a prompt disposition of this case, the Court **ORDERS** as follows:

1.     Motion practice under Federal Rules of Civil Procedure 12(c) (judgment on the pleadings) or 56 (summary judgment) is considered inappropriate.

2.     The Court suspends application of M.D. Fla. R. 7.01 in this action. A motion for fees and costs must be filed as a single motion requesting a determination of both entitlement and amount.

3.     The parties must prepare and file a single Joint Memorandum in support of their respective positions in the format and by the dates set forth below.

4.     On or before **September 9, 2021**, Plaintiff must serve on the Commissioner, but not file, Plaintiff's portion of the Joint Memorandum in the format specified below. Simultaneously with service of the memorandum, Plaintiff's counsel or Plaintiff, if unrepresented, must provide counsel for the Commissioner with an electronic version of Plaintiff's memorandum in native word processing format.

5.     On or before **October 25, 2021**, the Commissioner must serve upon Plaintiff the proposed Joint Memorandum, which includes the Commissioner's

additions to the Statement of Facts and the Commissioner's position with respect to the issues raised in Plaintiff's memorandum.[1]

6.      On or before **November 7, 2021**, counsel for the parties must confer in a good-faith effort to resolve any disputed issues of procedural history, jurisdiction, standard of review, and statement of facts and revise the proposed Joint Memorandum to the extent that they agree revisions are necessary.[2]

7.      On or before **December 8, 2021**, the parties must file a single Joint Memorandum signed by counsel for both parties.  The Joint Memorandum may not exceed **fifty five (55) pages** in length, except by leave of the Court.  Otherwise, the parties must strictly comply with the general requirements for filing documents in this Court, including typography requirements.  *See* M.D. Fla. Rs. 1.08, 1.09, 3.01.  Failure to adhere to these limitations will result in striking of a party's filing.

8.      The Joint Memorandum must contain the following parts, including the headings, in the order set forth below:

## I.      Procedural History

A statement of the course of proceedings of this matter before the Social Security Administration and any previous proceedings in the federal courts,

---

[1]  If the Commissioner intends to seek a voluntary remand, the Commissioner should make every effort to move to remand before Plaintiff has expended significant time in preparing the memorandum ordered above.

[2]  Plaintiff may not insert arguments in reply to the Commissioner's argument in the Joint Memorandum, except by leave of Court.

including citations to the page number(s) of the transcript or the docket number of the court file at which each decision by the Administrative Law Judge ("ALJ"), the Appeals Council, or a federal court can be found.

## II.      Statement of Jurisdiction

A concise statement of the statutory or other basis of jurisdiction of this Court with citations to the appropriate authority, including whether the case arises under the Social Security, Old Age, Survivors and Disability Insurance program, 42 U.S.C. §§ 401 *et seq.*; the Supplemental Security Income for Aged, Blind and Disabled program, 42 U.S.C. §§ 1382 *et seq.*; or some other program.

## III.     Standard of Review

The Court is familiar with the standard of review and the sequential evaluation process. The parties should avoid boilerplate discussions of the governing legal standards. A short and plain statement of the standard of review, as stated by the United States Supreme Court or the United States Court of Appeals for the Eleventh Circuit in controlling case law, is sufficient.

## IV.     Statement of Facts

Initially, Plaintiff must include a statement of all facts on which Plaintiff will rely to support Plaintiff's position as to each disputed issue, supported by a reference to the page numbers in the transcript where evidence establishing each fact can be found. It is helpful to the Court if the facts in the treatment records are stated chronologically, although it may be necessary in complicated records to state the facts under subheadings, such as Physical Impairments or Mental Impairments. The

relevant medical history should be written in plain English and any medical terms should be defined.  It is also helpful to the Court if the professionals whose records or testimony are part of the record relied upon by the parties are identified by their title or area of expertise, for example, M.D., chiropractor, or vocational expert.

After Plaintiff serves the Commissioner with Plaintiff's preliminary version of the Joint Memorandum, the Commissioner may then add to Plaintiff's statement of facts by including additional facts on which the Commissioner will rely to support the Commissioner's position.  Any new facts must be inserted in the chronologically appropriate place in Plaintiff's statement of facts.  If the Commissioner objects to a statement of fact included by Plaintiff, the parties must confer in a good-faith effort to resolve the objection.  If the parties are not able to resolve the objection, the Commissioner may state any objection to a particular fact in a footnote.

While the Court will review the entire record and the facts reflected therein, ordinarily it will rely on the parties' statement of the facts as the presentation of all of the facts relevant to the issues raised, unless the interests of justice require consideration of additional facts of record.

## V.     Statement of the Issues

Plaintiff must identify and frame, in a neutral fashion, each of the disputed issues that Plaintiff raises as the grounds for reversal and/or remand.  Each issue should be set forth in and under separate subheadings.  Plaintiff must state Plaintiff's contentions under each subheading.  The Commissioner must then respond to each disputed issue under the same subheading, as follows:

A. **Issue No. 1 [Example: "Whether the ALJ Properly Evaluated Plaintiff's Subjective Complaints of Pain"]**

1. **Plaintiff's Contentions Regarding Issue No. 1**

Plaintiff must concisely state Plaintiff's contentions supported by legal authority and by reference to facts in the Statement of Facts, including citations to the page(s) of the administrative record where cited evidence is found, and complete citations to relevant legal authority.  Counsel are reminded that unpublished decisions of the Eleventh Circuit, decisions of other circuit courts of appeal, and district court decisions do not constitute controlling authority.

2. **The Commissioner's Contentions Regarding Issue No. 1**

The Commissioner must concisely state the Commissioner's contentions supported by legal authority and by reference to facts in the Statements of Facts, including citations to the page(s) of the administrative record where cited evidence is found, and complete citations to relevant legal authority.

B. **Issue No. 2, etc. [Repeat the foregoing format as needed.]**

VI. **Relief Requested**

A. **Plaintiff's Statement of Relief Requested**

B. **The Commissioner's Statement of Relief Requested**

So **ORDERED** in Fort Myers, Florida on July 27, 2021.

Mac R. McCoy
United States Magistrate Judge

Copies to:
Counsel of Record
Unrepresented Parties