## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FT. MYERS DIVISION

ELIZABETH LOPEZ,

               Plaintiff,

v.                                            Case No. 2:21-cv-114-JRK

KILOLO KIJAKAZI,
Acting Commissioner of Social
Security,

               Defendant.

_____

## OPINION AND ORDER[1]

### I.   Status

Elizabeth Lopez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "anemia," "constipation," "essential hypertension," "hyperlipidemia," "lumbar disc degeneration," "nicotine dependence," "noncompliance with medical treatment," "obesity," "rheumatoid arthritis," "s[c]leroderma," "[l]umbar spondylosis," "cervical spondylosis," and "depression."[2] Transcript of

---

[1]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 19), filed July 26, 2021; Reference Order (Doc. No. 22), entered July 27, 2021.

[2]      Plaintiff also alleges unspecified issues with a "pap smear." Tr. at 104.

Administrative Proceedings (Doc. No. 20; "Tr." or "administrative transcript"), filed July 26, 2021, at 104, 122, 251 (capitalization omitted). Plaintiff filed an application for SSI on November 30, 2018, alleging a disability onset date of June 1, 2004.[3] Tr. at 230-38. Plaintiff later amended the alleged disability onset date to November 19, 2018. Tr. at 45, 245-46. The application was denied initially, Tr. at 103-19, 120, 141, 142-46, and upon reconsideration, Tr. at 121-39, 140, 150-57, 158.

On May 12, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified.[4] Tr. at 41-62. At the time, Plaintiff was forty-eight (48) years old. See Tr. at 43 (stating Plaintiff's date of birth). On June 1, 2020, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. See Tr. at 21-34.[5]

---

[3]      Although actually filed on November 30, 2018, see Tr. at 230, the protective filing date for the SSI application is listed elsewhere in the administrative transcript as November 19, 2018, see, e.g., Tr. at 103.

[4]      The hearing was held via telephone because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 43. Also, because Plaintiff's primary language is Spanish, an interpreter assisted in translating the proceeding. Tr. at 41.

[5]      The administrative transcript also contains an ALJ decision dated January 26, 2010 and adjudicating an application for disability insurance benefits (DIB) filed on January 17, 2006. Tr. at 93-100. The January 2010 ALJ decision is not at issue here.

Thereafter, Plaintiff sought review of the Decision by the Appeals Council and submitted a brief in support of the request. See Tr. at 4-5 (Appeals Council exhibit list and order), 225-26 (request for review and cover letter), 365-68 (brief and cover letter). There is a question, addressed in detail below, about whether Plaintiff also submitted to the Appeals Council a Physical Capacity Evaluation dated May 20, 2020 ("May 20, 2020 PCE"). On December 9, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On February 11, 2021, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes two arguments: 1) the Appeals Council erred in denying review in spite of Plaintiff's apparent submission of the May 20, 2020 PCE to the Appeals Council, or alternatively, if it was not received by the Appeals Council, the matter should be remanded under sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), for proper consideration of the May 20, 2020 PCE; and 2) the ALJ erred in evaluating Plaintiff's subjective complaints of pain in relation to the rest of the evidence. Joint Memorandum (Doc. No. 29; "Joint Memo"), filed February 24, 2022, at 28-31, 40-46.

After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the matter is due to be remanded under

sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), for proper consideration of the May 20, 2020 PCE. On remand, an evaluation of the May 20, 2020 PCE may impact the Administration's consideration of Plaintiff's subjective pain complaints. For this reason, the Court need not address Plaintiff's argument in this regard. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues).

## II.   The ALJ's Decision

When determining whether an individual is disabled,[6] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past

---

[6]      "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 23-34. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 19, 2018, the application date." Tr. at 23 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the cervical and lumbar spines with cervical fusion in 2019, lupus, rheumatoid arthritis, hypertension, scleroderma, anemia, inflammatory arthritis, depression, anxiety, and fibromyalgia." Tr. at 23 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

[Plaintiff can] perform less than the full range of light work as defined in 20 [C.F.R. §] 416.967(b) such that [Plaintiff] can lift and

carry 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can stand/walk for 6 hours in an 8 hour workday and sit for 6 hours in an 8 hour workday. [Plaintiff] can only occasionally climb ladders, ramps, and stairs. [Plaintiff] can frequently balance but only occasionally stoop, kneel, crouch, or crawl. [Plaintiff] should avoid concentrated exposure to environmental extremes of heat and cold. [Plaintiff] should avoid workplace hazards such as unprotected heights and unshielded rotating machinery. [Plaintiff] can frequently use her hands for fingering and fine manipulation. [Plaintiff] is limited to the performance of simple tasks. [Plaintiff] is unable to speak the English language fluently.

Tr. at 25 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 33 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("46 years old . . . on the date the application was filed"), education ("at least a high school education and is able to communicate in English . . . although she is not fluent in the English language"), lack of relevant work experience, and RFC, the ALJ relied on the VE's testimony and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," Tr. at 33 (emphasis and citations omitted), such as "Housekeeper," "Poultry Dresser," and "Shellfish Preparer," Tr. at 33-34. The ALJ concluded Plaintiff "has not been under a disability . . . since November 19, 2018, the date the application was filed." Tr. at 34 (emphasis and citation omitted).

### III.   Discussion

Under sentence four of 42 U.S.C. § 405(g), "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." A district court's review of the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g) is limited to the administrative record.[7] 42 U.S.C. § 405(g); see also Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1267-68 (11th Cir. 2007) (quoting Caulder v. Bowen, 791 F.2d 872, 876 (11th Cir. 1986) (noting that "evidence first presented to the district court [cannot] be considered for the

---

[7]    When the Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g) (as incorporated by § 1383(c)(3)), the standard of review is as follows. No deference is given to the ALJ's conclusions of law, but findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

purposes of a sentence four remand because 'a reviewing court is limited to the certified administrative record in examining the evidence'")).

Under sentence six of 42 U.S.C. § 405(g), "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding. . . ." "[A] sentence six remand is available when evidence not presented to the Commissioner at any stage of the administrative process requires further review." Ingram, 496 F.3d at 1267. If a claimant makes "a sufficient showing" to remand a case under sentence six of 42 U.S.C. § 405(g), additional medical evidence can be considered on remand. Id. at 1268 (quotation and citation omitted). To meet the showing required to obtain a sentence six remand, "the claimant must establish that: (1) there is new, noncumulative evidence; (2) the evidence is material, that is, relevant and probative so that there is a reasonable possibility that it would change the administrative result[;] and (3) there is good cause for the failure to submit the evidence at the administrative level."

<u>Caulder</u>, 791 F.2d at 877 (quotation and citation omitted); <u>see also, e.g.</u>, <u>Cherry v. Heckler</u>, 760 F.2d 1186, 1192 (11th Cir. 1985).

Plaintiff contends that her counsel at the administrative level likely submitted the May 20, 2020 PCE to the Appeals Council, although she recognizes "[i]t is unclear if the Appeals Council received this evidence" because it "does not appear in the record, nor is it discussed within the Appeals Council's denial of review." Joint Memo at 28. Plaintiff argues the Appeals Council should have considered the evidence, and its failure to do so constitutes error necessitating reversal and remand under sentence four of 42 U.S.C. § 405(g). <u>Id.</u> at 28-31. Alternatively, Plaintiff asserts the Court should remand the matter for consideration of the May 20, 2020 PCE under sentence six of 42 U.S.C. § 405(g). <u>Id.</u> at 31.

Defendant, factually, suggests that Plaintiff never submitted the May 20, 2020 PCE to the Appeals Council, but recognizes it is not entirely clear whether Plaintiff did so. <u>Id.</u> at 31 n.33, 31-32. Defendant argues, "Assuming the Appeals Council received the PCE but failed to discuss or exhibit the same, such an error was harmless because the PCE opinion did not undermine the substantial evidence or record that supported the ALJ's findings." <u>Id.</u> at 32 (citation omitted). As to Plaintiff's alternative request for remand under sentence six, Defendant argues the evidence is not material and Plaintiff has not shown good cause for failing to submit it to the Appeals Council. <u>Id.</u> at 38-40.

As the parties recognize, the May 20, 2020 PCE does not appear in the administrative transcript. (It is instead attached to the Joint Memo (Doc. No. 29-1).) Thus, regardless of why it is not included (either Plaintiff's failure to submit it or the Appeals Council's failure to incorporate it in the record despite receiving it), the Court cannot consider the May 20, 2020 PCE pursuant to sentence four of 42 U.S.C. § 405(g). It is more appropriate to consider the evidence in relation to Plaintiff's alternative request for a sentence six remand.

As summarized, Defendant only challenges whether the evidence is material and whether Plaintiff has established good cause for failing to submit it below. The Court readily finds the May 20, 2020 PCE is material. It was signed by a treating physician at Harbor Neurological Associates. [8] The limitations assigned by the treating physician, if accepted, would result in a significantly more restrictive RFC than the ALJ assigned. <u>Compare</u> Tr. at 25, <u>with</u> May 20, 2020 PCE. Defendant argues that the form should not be accepted because of its "check box" style and the assigned limitations are inconsistent with the evidence, <u>see</u> Joint Memo at 33-38, 39, but those determinations are for the Administration in the first instance.

---

[8]     Defendant argues that because the actual signature on the form is not legible, it is unclear who signed it. Joint Memo at 33. While the signature is not legible, the form calls for a "Signature of Physician" and underneath the signature, it states "Harbor Neurosurgical Associates," <u>see</u> May 20, 2020 PCE at 2, so it can be safely assumed that the form was signed and submitted by Plaintiff's treating physician at that practice.

As to whether Plaintiff has established good cause, the undersigned finds that she has. [9] Although not conclusive, the evidence relating to whether Plaintiff submitted the May 20, 2020 PCE to the Appeals Council would tend to suggest that she intended to but inadvertently did not. In Plaintiff's brief to the Appeals Council, Plaintiff first urged the Appeals Council to remand the case to the ALJ because "[n]ew and material evidence exists which was not considered by the ALJ in his decision." Tr. at 366 (emphasis omitted). In making the argument, Plaintiff discussed the May 20, 2020 PCE as follows:

> Our office received a Physical Capacity Evaluation dated May 20, 2020 completed by [Plaintiff's] treating physician at Harbor Neurosurgical Associates. Our office initially sent this questionnaire to [Plaintiff's] treating physician on April 1, 2020 more than a month before the [ALJ] hearing. It was our understanding that the physician would not be completing this form. However, the questionnaire was completed after [Plaintiff's] hearing but received on the same day as the ALJ decision was received by this office. As a result, the ALJ was unable to consider this evidence in making his determination. The doctor opined [Plaintiff] to have significant limitations in both sitting and standing and unable to perform any bending, squatting, crawling, or climbing. These findings are consistent with his treatment notes and other medical evidence. Thus, remand is warranted for the ALJ to reassess [Plaintiff's] RFC with the benefit of this additional evidence.

---

[9]     Defendant contends that Plaintiff does not as part of her argument directly address the good cause factor. Joint Memo at 39-40. But, Plaintiff does make the point that "it is not clear whether the medical source statement was submitted and ignored by the Appeals Council or was not submitted at all." Id. at 31. The facts surrounding this question go to the heart of whether good cause exists.

Tr. at 367. The brief itself is three pages long; the fax cover sheet to the Appeals Council is one page and states that "4 pages [are] being sent (including cover sheet)." Tr. at 366-68, 365. Thus, it appears that while Plaintiff's brief clearly puts the evidence at issue, through clerical inadvertence, likely only the brief was actually faxed to the Appeals Council. The Appeals Council's Order denying review does not substantively discuss Plaintiff's arguments for remand or the May 20, 2020 PCE. <u>See</u> Tr. at 1-3. While these circumstances are more suggestive that Plaintiff did not actually submit the May 20, 2020 PCE, it is hard to definitively say so. It could be that the evidence was indeed submitted either with the brief or at another time. If that were the case, the failure on the part of the Appeals Council to make it part of the record would necessitate a sentence six remand.

But if that is not the case, Plaintiff has still established good cause despite her failure to actually submit the evidence to the Appeals Council when she could have. The United States Court of Appeals for the Eleventh Circuit, when considering whether a plaintiff's "procedural default" in submission of evidence to an Appeals Council could amount to good cause for a sentence six remand, has noted that "the good cause requirement reflects a congressional determination to prevent the bad faith manipulation of the administrative process" and "was designed to prevent claimants from attempting to withhold evidence with the idea of obtaining another bite of the apple if the

[Administration] decides that the claimant is not disabled." <u>Milano v. Bowen</u>, 809 F.2d 763, 767-68 (11th Cir. 1987) (quotation and citation omitted). As stated, Plaintiff squarely put at issue the May 20, 2020 PCE in her brief to the Appeals Council. She did not engage in bad faith by (apparently inadvertently) failing to submit the actual evidence. Under the circumstances, Plaintiff has established good cause.

### IV.   Conclusion

A thorough review of the entire record reveals that the Commissioner's final decision is due to be remanded pursuant to sentence six for further proceedings consistent with this Order. For the reasons explained herein, it is

**ORDERED:**

1.     This action is **REMANDED** to the Commissioner of the Social Security Administration for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3).

2.     On remand, the Administration shall ensure that the May 20, 2020 PCE is incorporated into the administrative transcript, and shall further ensure that the opinion therein is properly considered. The Administration shall also take such other action as may be necessary to resolve this claim properly.

3.      The Clerk is directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on July 7, 2022.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record