**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FT. MYERS DIVISION**

ELIZABETH LOPEZ,

Plaintiff,

v. Case No. 2:21-cv-114-JRK

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.

---

# OPINION AND ORDER[2]

## I. Status

Elizabeth Lopez ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of "anemia," "constipation," "essential hypertension," "hyperlipidemia," "lumbar disc degeneration," "nicotine dependence," "noncompliance with medical treatment," "obesity," "rheumatoid arthritis," "s[c]leroderma,"

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d), Federal Rules of Civil Procedure, Mr. Bisignano should be substituted as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 19), filed July 26, 2021; Reference Order (Doc. No. 22), entered July 27, 2021.

"[l]umbar spondylosis," "cervical spondylosis," and "depression."[3] Transcript of Administrative Proceedings (Doc. Nos. 20, 37; collectively, "Tr." or "administrative transcript"), filed July 26, 2021 and June 11, 2025, at 104, 122, 251 (capitalization omitted). Plaintiff protectively filed an application for SSI on November 19, 2018, alleging a disability onset date of June 1, 2004.[4] Tr. at 230-38. Plaintiff later amended the alleged disability onset date to November 19, 2018. Tr. at 45, 245-46. The application was denied initially, Tr. at 103-19, 120, 141, 142-46, and upon reconsideration, Tr. at 121-39, 140, 150-57, 158.

On May 12, 2020, an Administrative Law Judge ("ALJ") held a hearing, during which Plaintiff (represented by counsel) and a vocational expert ("VE") testified.[5] Tr. at 41-62. At the time, Plaintiff was forty-eight (48) years old. See Tr. at 43 (stating Plaintiff's date of birth). On June 1, 2020, the ALJ issued a decision finding Plaintiff not disabled through the date of the decision. See Tr. at 21-34.[6]

---

[3] Plaintiff also alleges unspecified issues with a "pap smear." Tr. at 104.

[4] Although actually filed on November 30, 2018, see Tr. at 230, the protective filing date for the SSI application is listed elsewhere in the administrative transcript as November 19, 2018, see, e.g., Tr. at 103.

[5] The hearing was held via telephone because of extraordinary circumstances presented by the COVID-19 pandemic. Tr. at 43. Also, because Plaintiff's primary language is Spanish, an interpreter assisted in translating the proceeding. Tr. at 41.

[6] The administrative transcript also contains an ALJ decision dated January 26, 2010 and adjudicating an application for disability insurance benefits (DIB) filed on January 17, 2006. Tr. at 93-101. The January 2010 ALJ decision is not at issue here.

Thereafter, Plaintiff sought review of the decision by the Appeals Council and submitted a brief in support of the request. See Tr. at 4-5 (Appeals Council exhibit list and order), 225-26 (request for review and cover letter), 365-68 (brief and cover letter). On December 9, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's decision the final decision of the Commissioner.

On February 11, 2021, Plaintiff commenced this action under 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision. On July 7, 2022, this Court entered an Opinion and Order remanding the matter for further administrative proceedings pursuant to sentence six of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3). Tr. at 1074-87.

On remand, the Appeals Council remanded the matter to an ALJ. Tr. at 1092-93. In doing so, the Appeals Council recognized that Plaintiff had filed another SSI claim on June 9, 2021, so the Council directed the ALJ to consolidate the claim files, associate the evidence, and issue a new decision on the consolidated claims. Tr. at 1092.

The ALJ held a hearing on September 20, 2023, during which Plaintiff (represented by counsel) and a VE testified.[7] Tr. at 989-1030. At the time of the

[7] The hearing was held via telephone. Tr. at 991-92. Also, because Plaintiff's primary language is Spanish, an interpreter assisted in translating the proceeding. Tr. at 989.

hearing, Plaintiff was fifty-one (51) years old. Tr. at 995. The ALJ issued a Decision on January 5, 2024 finding Plaintiff was not disabled since November 19, 2018, the protective date the SSI application was filed (also the amended alleged onset disability date). Tr. at 960-78. Plaintiff filed written exceptions to the ALJ's Decision. Tr. at 951-52 (Appeals Council exhibit list and Order), 1244-46 (exceptions). The Appeals Council declined to assume jurisdiction, Tr. at 947-49, making the ALJ's Decision the final decision of the Commissioner.

On appeal, Plaintiff argues the residual functional capacity ("RFC") is unsupported by substantial evidence because the ALJ failed to properly evaluate the medical opinion of her treating neurosurgeon, Douglas Hershkowitz, M.D. Plaintiff's Memorandum of Law (Doc. No. 40; "Pl.'s Mem."), filed August 11, 2025, at 9-17.[8] On November 17, 2025, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 48; "Def.'s Mem."). Then, on December 1, 2025, Plaintiff filed a Reply to Defendant's Memorandum in Support of the Commissioner's Decision (Doc. No. 49; "Reply"). After a thorough review of the entire record and the parties' respective arguments, the undersigned finds that the matter is due to be affirmed.

---

[8] The title of Plaintiff's argument actually states she is challenging the ALJ's discussion of the opinion of "Graig Blevins, DO," Pl.'s Mem. at 9 (emphasis omitted), but the inclusion of Dr. Blevins in the title appears to be in error, because the entirety of Plaintiff's argument actually challenges Dr. Hershkowitz's opinion, id. at 10-17.

## II. The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 962-77. At step one, the ALJ determined Plaintiff "has not engaged in substantial gainful activity since November 19, 2018, the application date and amended alleged onset date." Tr. at 962 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative

---

[9] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

disc disease of the cervical and spine status-post cervical fusion in 2019; lupus; rheumatoid arthritis; hypertension (HTN); scleroderma; anemia; inflammatory arthritis; depression; anxiety." Tr. at 962 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 964 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following RFC:

> [Plaintiff can] perform light work as defined in 20 [C.F.R. §] 416.967(b) except [Plaintiff] is able to lift and/or carry 20 pounds occasionally 10 pounds frequently; stand and/or walk six hours in an eight hour workday; sit six hours in an eight-hour workday; occasionally climb stairs and ramps; frequently balance; occasionally stoop, kneel, crouch; never crawl; avoid concentrated exposure to environmental extremes of heat and cold; avoid workplace hazards such as unprotected heights and unshielded rotating machinery; frequently use hands for fingering and fine manipulation; limited to simple task; and cannot speak English fluently.

Tr. at 968 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 976 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("46 years old . . . on the date the application was filed"), education ("at least a high school education"), lack of relevant work experience, and RFC, the ALJ relied on the VE's testimony and found "there are jobs that exist in significant numbers in the national

economy that [Plaintiff] can perform," Tr. at 976 (emphasis and citations omitted), such as "Housekeeper," "Bottling line attendant," and "Bagger," Tr. at 977. The ALJ concluded Plaintiff "has not been under a disability . . . since November 19, 2018, the date the application was filed." Tr. at 977 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial

evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

Plaintiff argues the ALJ erred in evaluating the opinion of her treating neurosurgeon, Dr. Hershkowitz. Pl.'s Mem. at 9-17. According to Plaintiff, the ALJ's reasons for finding Dr. Hershkowitz's opinion unpersuasive are "insufficient, as they gravely misrepresented the amount of supportive and consistent evidence in the record." Id. at 11; see Reply at 2-3. Responding, Defendant contends the ALJ properly addressed both the supportability and consistency of the opinion (or lack thereof), and the ALJ's findings are supported by substantial evidence. Def.'s Mem. at 6-7. Moreover, argues Defendant, the ALJ discussed the evidence on the whole, including Dr. Hershkowitz's notes, in other parts of the Decision. Id. at 8-13.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. See Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (January 18, 2017); see also 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and

Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); see also 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources").

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[10] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." Harner v. Soc. Sec. Admin., Comm'r, 38 F.4th 892, 896 (11th Cir. 2022).

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2)

[10] Plaintiff filed her application after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

"[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[11]

Here, Dr. Hershkowitz authored an opinion on May 20, 2020 regarding Plaintiff's functioning. Tr. at 2193-94. According to Dr. Hershkowitz, Plaintiff can stand, walk, or sit for one hour at a time and a total of one to two hours per day. Tr. at 2193. Plaintiff can lift up to ten pounds and only occasionally. Tr. at

[11] When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

2193. According to Dr. Hershkowitz, Plaintiff is able to use her hands and feet for repetitive movements and can reach above her shoulders, but cannot bend, squat, crawl, or climb at all. Tr. at 2193-94.

The ALJ, addressing Dr. Hershkowitz's opinion, wrote:

> I am not persuaded by the extremely restrictive limitations opined by Dr. Hershkowitz . . . . Dr. Hershkowitz generally found [Plaintiff] demonstrated negative straight leg raise test, normal gait, normal motor strength, and normal sensation, which is inconsistent with the extremely restrictive limitations. In addition, this is a checkbox form that . . . did not support the extremely restrictive limitations. Further, the extremely restrictive limitations are inconsistent with the findings on examination by Dr. Body with 5/5 strength in the upper and lower extremities, normal sensation, negative cervical spine tests, and negative lumbar spine tests.

Tr. at 975 (citations omitted). The ALJ did not commit reversible error in addressing Dr. Hershkowitz's opinion. The ALJ identified genuine inconsistencies between the very restrictive opinion and the doctor's examination findings contained in his notes that documented often normal gait,[12] straight leg raises, motor strength, and sensation. Tr. at 975; see, e.g.,

[12] Plaintiff points out instances of antalgic gait noted by Dr. Hershkowitz, arguing that the ALJ mischaracterized the doctor's gait findings. See Pl.'s Mem. at 15 (citations omitted). While Plaintiff is correct that there are instances of antalgic gait noted by Dr. Hershkowitz, the ALJ qualified his statement with "generally" in discussing findings of normal gait by Dr. Hershkowitz. Tr. at 975. Moreover, earlier in the Decision, the ALJ specifically noted Dr. Hershkowitz's finding of "antalgic gait," Tr. at 971, showing the ALJ was well aware of some of those instances in the record. At the end of the day, the ALJ's findings are supported by substantial evidence.

Tr. at 680, 773, 775, 796-97, 806; Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1262-63 (11th Cir. 2019) (quotation, citation, and internal alteration omitted) ("an ALJ must identify a genuine inconsistency"). Moreover, the ALJ's general discussion of the evidence preceding the analysis of the opinion evidence shows, contrary to Plaintiff's contentions, that the ALJ adequately considered all of the evidence—including that which tended to support Plaintiff's contentions. See Tr. at 969-73; compare Raper v. Comm'r of Soc. Sec., 89 F.4th 1261, 1276 (11th Cir. 2024) (finding an ALJ's general discussion of the evidence preceding the opinion discussion sufficed when "it is hard to imagine how the ALJ could have been clearer").

The ALJ further found that, due to the nature of the checkbox style form, Dr. Hershkowitz's opinion was not adequately supported. Tr. at 975. The form did ask Dr. Hershkowitz to provide "Remarks" to support his findings, and he elected not to do so. Tr. at 2194. Regardless, it is difficult without any explanation by Dr. Hershkowitz to determine how he arrived at such restrictive functioning findings, and the ALJ's observation of that difficulty is well taken in this instance.[13]

Finally, the ALJ found that Dr. Hershkowitz's opinion was inconsistent with the findings of consultative examiner Pascal Bordy, M.D. Tr. at 975; see

---

[13] This is not a criticism of the use of check-box style forms generally, as those types of forms are widely used in DIB and SSI proceedings.

Tr. at 2808-26 (Dr. Bordy's opinion and range of motion findings). Generally, the ALJ's findings in this regard are both supported and indicative of the lack of consistency between Dr. Hershkowitz's opinion and other record evidence. Moreover, the ALJ relied on the initial and reconsideration opinions of non-examining state-agency physicians who opined Plaintiff had the ability to perform work at a light exertion level, and whose opinions the ALJ found consistent with the rest of the evidence. Tr. at 975; see Tr. at 112-14 (initial opinion of Thomas Bixler, M.D.), 132-36 (reconsideration opinion of Robert G. Brooks, M.D.).

The ALJ adequately addressed the supportability and consistency factors in addressing the opinion evidence, and his findings need not be disturbed.

## V. Conclusion

The ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), as incorporated by § 1383(c)(3), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 9, 2026.

James R. Klindt
JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record